**Charles A. Bartlett, Defendant in Error, v. Philip G. Lauff, Plaintiff in Error.**

552

Opinion filed September 18, 1933.

HARRY FAULKNER and ROBERT F. WHITE, for plaintiff in error.

C. W. BURTON, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the court.

This is a suit in assumpsit by defendant in error C. A. Bartlett against plaintiff in error P. G. Lauff. The declaration consists of the consolidated common counts and a special count. Lauff pleaded nonassumpsit and statute of frauds requiring a promise to answer for the debt of another to be in writing. Bartlett recovered a judgment from which Lauff prosecutes error.

Bartlett owned a real estate and insurance agency. In 1923, he sold the "business," including certain office furniture, to James H. Mann. The contract of sale contained the following provision: "The said Charles A. Bartlett hereby retains a vendor's lien on the said within described business and property for the sum of $3,000 balance due on purchase price of same according to the terms and conditions of six certain promissory notes of even date herewith."

Possession of the furniture was delivered up with the transfer of the agency.

In 1924, James H. Mann took Cecil Mann in the business, and in a supplemental contract between the

plaintiff and the two Mann Brothers there was included a provision similar to that above quoted, purporting to preserve to the plaintiff the above mentioned vendor's lien.

On October 30, 1930, a balance of $2,000, still owing to the plaintiff on the purchase price, the Mann Brothers, being heavily involved with insurance companies and others, were making a sale of the agency to the defendant Lauff. Bartlett's version of a conversation between himself and the defendant Lauff on that day at the Mann office is as follows: "Mr. Lauff said to me that he had purchased the agency of Mann Brothers and that he would pay me the $2,000 owing on the original purchase of Mann Brothers from me." Again, "and he said he had a cashier's check in his pocket with which to pay me as soon as the papers were ready to make the transfer." Lauff denied making a statement that he would pay plaintiff the unpaid balance, and his version was corroborated by Mrs. James H. Mann, the only other witness to the conversation.

On October 31, 1930, the day after the disputed conversation, Bartlett went to the office of an attorney where a number of persons, including Lauff, were discussing the sale of the Mann agency to Lauff. He testified that he said there to Lauff: "We were to meet here at Mann Brothers at 9:30 this morning and I was to get my money." Lauff and four other witnesses say that Bartlett, at the time stated, asserted a claim for lien on the business of the Mann agency. Some of these witnesses deny that Bartlett then said any promise had been made to him by Lauff.

After leaving the office where this incident occurred, Bartlett, with an attorney, delivered a written notice and demand for possession of the property of the Mann agency to Mann Brothers.

Later on the same day, Lauff completed the purchase of the business and property of the Mann agency.

James H. Mann testified that Bartlett, in January, 1932, asked him for payment of interest on the notes given him by Mann Brothers. Bartlett said he did not remember doing so.

Counsel contend for Bartlett, in support of the judgment, that the conversation between Bartlett and Lauff, in the Mann office, on October 30, 1930, constituted a contract under which Lauff was to pay Bartlett $2,000; that the statute of frauds requiring any promise to answer for the debt of another to be in writing to support an action is no bar to Bartlett's suit, because the promise of Lauff, being made to further an object or advantage of Lauff is an original promise upon a sufficient consideration.

These positions require an examination of the language used, and the surrounding circumstances and action of the parties, to discover whether the essential elements of such a contract were present.

If any contract was made, it was complete in the Mann office on October 30, 1930. The testimony of Bartlett, if accepted, establishes that Lauff knew Bartlett asserted a lien, and that Lauff in terms promised to pay him $2,000. This alone is not enough. It is not enough that parties, circumstances, and possible considerations are present at the same time and place, to make a contract. There must be a common definite meeting of intent of two parties, in selecting or accepting from the elements of contract present, those items essential to a complete contract, as their contract.

Assuming that Bartlett's claim to a right of lien on tangible and intangible property, delivered by him to another, had sufficient color and substance that his waiver of that claim would constitute a consideration for a contract promise by Lauff, what then was Bartlett to do as his part of the contract? Was he to forego his claim for lien? Was he to surrender the notes

and contract of the Mann Brothers? Was he to transfer to Lauff the indebtedness of Mann Brothers to him? Was he to do any other thing, or give any other thing, as his part of the supposed agreement?

A feeling of certainty even, in the mind of the observer, that a party in position to contract would surely agree to terms present in the situation disclosed, does not evoke a contract from a plausible situation for contract. The agreement must actually be made by the parties to the alleged contract. It must be shown that those parties selected and concurred in the terms of contract, or no contract exists. There is here no evidence that Bartlett promised, offered, or accepted, in any such way that a contract between him and Lauff is disclosed by the evidence.

The testimony as to the transaction offered on his behalf as the making of a contract is only that Bartlett told Lauff that Bartlett had a lien on the Mann agency for $2,000; that Lauff said he had a draft for $2,000, and would pay it to Bartlett.

Nothing more can be made of Bartlett's statement to Lauff, under those circumstances, than a notice to Lauff of Bartlett's claim for lien. Lauff's reply that he would give Bartlett $2,000 is a mere declaration of intention. If Lauff carried out his declared intention, any lien claim of Bartlett would be extinguished. If Lauff did not carry out such expressed intention, the lien of Bartlett would still be effective to the extent it had merit as a claim for lien, and Lauff would have notice of the claim.

For the same lack of expression in the language which is alleged to constitute a contract, there is no consideration. Consideration is not injected into a contract by the fact that one or many considerations are available. An agreed consideration must be selected from the possible considerations present, and laid by the parties in its place in the contract, by words

or by contract, or there is no consideration in that contract.

Neither language nor action selected a consideration between Bartlett and Lauff on the occasion here under review, which a court can say was the consideration Lauff was to receive.

The principle controlling this discussion is elementary in the law of contract.

''The chief requirement is that the promise shall be sufficiently certain in its terms to enable the court to understand what the promisor undertakes.'' Williston, Contracts, sec. 24, par. 29.

'' . . . it is the essence of a consideration that, by the terms of the agreement, it is given and accepted as the motive or inducement of the promise. Conversely, the promise must be made and accepted as the conventional motive or inducement for furnishing the consideration. The root of the whole matter is the relation of reciprocal conventional inducement, each for the other, between consideration and promise.'' Holmes, Common Law, 293, 294.

Confusion in the law of contracts can be avoided only by keeping in mind the idea stressed in these excerpts, that the identification and sure definition, of both the promise and the consideration, must clearly appear in the terms expressed, on the face of the conversation stated between the parties. See also *Banning Co. v. California,* 240 U. S. 142, 153; Beach on Contracts, sec. 72.

The conduct of Lauff in concluding the purchase of the Mann agency, after October 30, is entirely consistent with his testimony that he made no promise, and had no contract with Bartlett.

The action of Bartlett after October 30 is not consistent with a belief on his part that a new and original contract had been made with Lauff, by which Lauff was substituted for Mann Brothers as his debtor.

It is clear from the evidence that he appeared where Lauff and others were gathered on October 31, asserting a claim for lien on the property of the Mann agency. He had not, and did not then, promise anything, offer anything, forego anything. He later procured an attorney and made a demand for possession of all of the property of the Mann agency, following the property as still his security, in his own mind.

If he had made a contract the day before with Lauff, no conceivable terms of contract between him and Lauff, in the situation existing, would have left him with any right to assert a lien upon the property of the Mann agency on October 31.

It appears to us that the proof does not show a contract between Bartlett and Lauff as claimed on behalf of Bartlett.

"It is not within the function of the judiciary to look outside of the instrument to get at the intention of the parties, and then carry out that intention regardless of whether the instrument contains language sufficient to express it." 6 R. C. L., pages 835 and 836.

The conclusions here stated make it unnecessary to discuss the other questions presented.

We hold that the motion by Lauff for a directed verdict in his favor should have been granted. The judgment of the circuit court of Madison county is reversed.

*Judgment reversed.*